## VILELLA *v.* VILELLA ET AL.

### APPEAL from the District Court of Aguadilla.

No. 739.—Decided April 8, 1912.

DEMURRER—PARTITION OF INHERITANCE—FRAUD.—The plaintiff claims damages suffered by alterations made in a partition of property in the substitution of one person for another in the adjudication of a property. A demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action was sustained by the court. It was decided on appeal that the demurrer was well founded because the complaint did not allege facts constituting fraud to counteract the presumption of regularity in the partition proceedings which had received judicial sanction, for the mere fact that the name of one person has been erased and that of another substituted is not sufficient to show fraud.

The facts are stated in the opinion.

*Messrs. Alfredo Arnaldo Sevilla* and *Landrón* and *Rincón* for appellants.

*Messrs. José de Diego* and *Carlos Franco Soto* for respondents.

MR. JUSTICE WOLF delivered the opinion of the court.

To an amended complaint in this case the defendants demurred on two grounds: 1. That the action had prescribed; 2. That the complaint did not state a cause of action. The court below sustained the demurrer on the latter ground and gave as its reasoning that the action was one for damages arising out of alterations and informalities occurring in testamentary proceedings on the estate of Don Enrique Extremera, and that the wrong arose out of the fact that Inés Castro had been substituted for Don José Vilella y Pol and that the latter, subrogated to the rights of the heir, Don Enrique Extremera, had been eliminated from the partition, and that in such event it was evident that the action, being subsidiary, could not be brought without first obtaining the nullity of the partition, because, as shown in the complaint, as such partition was judicially approved the partition must be considered as definitive and valid until the contrary was proved. And the court was further of the opinion that the partition gave the exclusive ownership of the property to each respective heir, and as, from the complaint, the lands described were adjudicated to Don Inés Castro even fraudulently, as complainants maintained, instead of to Don José Vilella y Pol, the court must give heed to the partitional title until it is proved to be void.

The principal fact alleged in the complaint was that all the interested parties agreed upon an adjudication to José Vilella y Pol of a portion of the estate of Extremera and that the partition documents as finally approved showed that the name of Vilella had been erased and the name of Inés Castro substituted. The complainants here were minors at the time of the alleged transaction and only had knowledge of them in 1908. The suit was brought in 1911. Don José Vile-

lla Pol, who was a creditor and assignee of Extremera, died in 1893, and these testamentary proceedings took place in 1893–4. José Vilella Pol gave a power of attorney to his brother, Pablo Vilella Pol, in his lifetime, and appointed the said brother administrator and tutor of his minor children.

While the complaint charges that Inés Castro had no interest in the estate of Extremera and that the name of José Vilella was erased by agreement between Pablo Vilella and Inés Castro, yet there is no charge that this agreement was fraudulent, nor is there any statement that the partition as finally approved did not represent the will of the parties who signed it.

The mere fact that the document shows that the name of Vilella was erased and the name of Inés Castro substituted would not establish the fraudulent nature of the final partition which was, in fact, approved by the court. Complainant and appellant alleges that his cause of action arises by virtue of section 1068 of the Civil Code providing for pecuniary compensation against fraudulent or negligent fiduciary officers. However, until the fraud is in due form alleged there is no basis of action. There would be a presumption that the administrator had proceeded duly and that the court action was regular. Until this presumption is rebutted by some averment setting up the ultimate facts that would show the falsity or fraud of the partitional fact, the complaint is totally defective. The complaint, moreover, should demonstrate that there was no understanding or agreement between José Vilella or his attorney in fact and Inés Castro, based on some consideration proceeding from the latter to the former. Under these circumstances it is unnecessary to consider the various questions of prescription which are raised. The judgment must be affirmed.

*Affirmed.*

Chief Justice Hernández and Justices MacLeary, del Toro and Aldrey concurred.